UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

JASON SHANE CHAPMAN

Case No. 5:14cr004

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical conditions, i.e. hypertension and obesity, together with the risks associated with COVID-19, qualify as "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c) that warrant compassionate release. The Court concludes that Defendant has met his burden to show extraordinary and compelling reasons under § 3582(c).

That is not the end of the Court's analysis, however. The factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the underlying case, Defendant sold crystal methamphetamine to a confidential informant. Upon law enforcement's execution of a search warrant of his residence, Defendant placed suspected methamphetamine in his mouth and swallowed it. Defendant was arrested at the scene. During the search, law enforcement uncovered crystal methamphetamine, marijuana, drug paraphernalia, and $3,350 in cash. In total, the presentence investigation report attributed Defendant with 141.75 grams of crystal methamphetamine. Pursuant to a written plea agreement, Defendant pleaded guilty to possession of methamphetamine with intent to distribute. With a total offense level of thirty-one

3

and a criminal history category of VI, Defendant's advisory guideline range was 188 to 235 months' imprisonment. At sentencing, the Court departed downward and sentenced Defendant to 144 months' imprisonment. Currently, Defendant's projected release date is May 24, 2022, meaning he has over one year left to serve.

Defendant's criminal history is also concerning. He has seven adult criminal convictions, including one for conspiracy to manufacture methamphetamine, one for felon in possession of marijuana, one for fleeing and attempting to elude police, and one for trafficking methamphetamine. For at least three of these convictions, Defendant was sentenced to probation, only to subsequently violate the terms thereof. Indeed, he was on probation for trafficking at the time of the underlying offense. It appears his past criminal activity did not deter him from committing another offense. Additionally, Defendant has been sanctioned by the Bureau of Prisons four times since his incarceration.

Moreover, the Court finds Defendant has not shown that he would be better off in terms of health if he were released. Notably, on March 3, 2021, Chapman received his first dose of the COVID-19 Pfizer-BioNTech vaccine, meaning he will soon receive his second dose. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

4

IT IS SO ORDERED.

Dated:

March 23, 2021

_____
UNITED STATES DISTRICT JUDGE